IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| I.W., a minor, by and through her parents A.M.V.-W. and D.W., | )<br>)<br>) Case No.1:19-cv-5964 |
| Plaintiff, | ) |
| v. | ) |
| BOARD OF EDUCATION OF LAKE FOREST HIGH SCHOOL DISTRICT 115, and ILLINOIS STATE BOARD OF EDUCATION | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES Plaintiff I.W. ("Student"), a minor, by and through her parents A.M.V-W. and D.W. ("Parents"), by and through her attorneys, Fuksa Khorshid, LLC, and for her Complaint against Defendant Board of Education of Lake Forest High School District 115 (the "District") and the Illinois State Board of Education, states and alleges as follows:

**INTRODUCTORY STATEMENT**

1. This is an action pursuant to 20 U.S.C. § 1415(i)(3)(B)(i) to recover Plaintiff's attorneys' fees and costs incurred by Plaintiff after requesting a due process hearing and prevailing in claims against the District. Plaintiff is entitled to payment of reasonable attorneys' fees and costs, which the District has failed to pay.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over I.W.'s claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 20 U.S.C. § 1415(i)(2)(A).

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that the events giving rise to the counterclaim occurred in this district.

## PARTIES

4. Student is a nineteen-year old with multiple intellectual disabilities as defined by the IDEA, 20 U.S.C. § 1401(3) and 105 ILCS 5/14-102.

5. Parents are Student's adoptive parents as defined by 20 U.S.C. § 1401(23)(A) and 105 ILCS 5/14-1.11. Student and Parents are residents of Lake Forest High School District 115.

6. Illinois State Board of Education ("ISBE") is the state agency which administers public education in Illinois. One of its functions is to oversee the due process hearing system in the State of Illinois.

7. The District is organized within Illinois for administration of public schools located in the Northern District of Illinois. The District constitutes a local education agency ("LEA") as defined by 20 U.S.C. § 1401(19)(A).

## FACTS

8. In 2016, Parents filed a due process complaint with the ISBE alleging that the District failed to provide Student with a free and appropriate public education ("FAPE") as required by the IDEA.

9. A due process hearing took place in April 2017 before IHO Phillip Milsk, who found that Plaintiff failed to provide Student with a FAPE but did not find that Student's alternative school was an appropriate placement.

10. Student subsequently appealed to the Northern District of Illinois on October 13, 2017 to review IHO Milsk's decision with respect to the appropriateness of Student's alternative placement ("Appeal"). Cross-motions for summary judgment were briefed and the court entered

an opinion and order on February 7, 2019 with specific instructions to remand the matter back to the ISBE for reconsideration of evidence and issues related to the appropriate placement of Student. *I.W. v. Lake Forest High Sch. Dist. 115*, *et al*. 17 C 7426, 2019 U.S. Dist. LEXIS 19858 (N.D. Ill. Feb. 7, 2019).

11. Due to IHO Milsk's retirement during the pendency of the Appeal, the matter was remanded to IHO Janet Maxwell-Wickett to review the administrative record in the manner prescribed by the court.

12. In the Final Determination and Order on Remand ("Final Determination") entered on June 7, 2019, IHO Maxwell-Wickett concluded that Parents' unilateral placement at private school was appropriate and thus awarded Parents the requested reimbursement for two years of private school tuition. The District was ordered to reimburse Parents' tuition costs within thirty (30) days of the Final Determination's entry on or before July 7, 2019.

13. However, the District filed a complaint with the Northern District of Illinois on July 2, 2019 appealing IHO Maxwell-Wickett's Final Determination. That matter is currently pending before the Honorable Rebecca Pallmeyer and is docketed as case number 1:19-cv-04475, *Bd of Ed. of Lake Forest High School District 115 v. Illinois State Board of Education., et al.*

14. On June 21, 2019, Plaintiff, through her attorneys, submitted an interim claim for attorneys' fees to the District attached hereto as **Exhibit 1**.

15. The District tendered no written settlement offer in response to Plaintiff's interim claim for attorneys' fees and instead indicated its intent to appeal IHO Maxwell-Wickett's decision to the Northern District.

16. Plaintiff has incurred, and will continue to incur, additional attorneys' fees related to the due process proceeding, Plaintiff's subsequent appeal to the Northern District, the due

process hearing on remand and the District's current appeal pending in the Northern District of Illinois.

17. The District has failed to pay Plaintiff the fees reasonably incurred in the due process proceeding, Plaintiff's subsequent appeal to this Court, the due process hearing on remand and the District's current appeal pending in the Northern District of Illinois.

18. The total amount claimed for representation relating to this matter is currently $476,502.36. Plaintiff's attorneys' fees and costs affidavit detailing time and tasks is attached hereto as **Exhibit 2**.

## COUNT I
## Claim for Attorneys' Fees and Costs

19. Plaintiff is the prevailing party in the administrative proceeding against the District pursuant to 20 U.S.C. § 1415(i)(3)(B).

20. A party prevails under 20 U.S.C. § 1415(i)(3)(B), as required to recover attorneys' fees under the IDEA, if the party obtains relief on the merits through an enforceable judgment that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *Ostby v. Manhattan School Dist. No. 114*, 851 F.3d 677, 685 (7th Cir. 2017) (citing *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). *See also Board of Educ. Of City of Chicago v. Walker*, 800 F.Supp.2d 917, 924 (N.D. Ill. 2011) (noting that the relevant inquiry in determining a prevailing party is whether the party seeking fees has secured a material alteration of the legal relationship between the parties).

21. In her Final Determination and Order, IHO Maxwell-Wickett awarded Parents' their requested two years of unreimbursed tuition for Student's placement at a private school. IHO Maxwell-Wickett's Final Determination and Order on Remand granting Parents' requested relief is attached hereto as **Exhibit 3**. It noted, "This Hearing Officer finds that, overwhelmingly,

the balancing of the equites favors Parents and there is no evidence in the record which would support a reduction in or denial of their requested reimbursement award." (Final Determination at 17).

22. The granting of Parents' requested relief materially altered the legal relationship between the Parties. This was done in such a way that modified the District's behavior to benefit Plaintiff.

23. Thus, Plaintiff I.W. meets the threshold to be named a prevailing party. As such, Plaintiff I.W. is entitled to reasonable attorneys' fees and costs as the prevailing party pursuant to 20 U.S.C. § 1415(i)(3)(B).

24. Plaintiff's attorneys' hourly rates are consistent with the rates prevailing for the kind of quality services furnished, as required by 20 U.S.C. § 1415(i)(3)(B).

25. The time expended and billed by Plaintiff's counsel in the due process hearing is reasonable, consistent with the overall results obtained, and therefore is compensable under 20 U.S.C. § 1415(i)(3)(B).

26. There are no special circumstances which would render the award of Plaintiff's full request unjust, nor are the fees requested excessive.

WHEREFORE Plaintiff, I.W., by and through her parents A.M.V.-W. and D.W., respectfully requests that this Court:

    a. Find that Plaintiff was the prevailing party in its administrative proceeding against Defendant the Board of Education of Lake Forest High School District 115 pursuant to 20 U.S.C. § 1415(i)(3)(B);

    b. Award attorneys' fees and costs in the amount to be proven but no less than of $476,502.36 for attorneys' fees and costs incurred in prevailing in the administrative proceeding against the District;

    c. Grant Plaintiff leave to file a supplemental petition and/or affidavit of attorneys' fees and costs to recover those amounts incurred in connection with the District's ongoing appeal and/or the prosecution of Plaintiff's Complaint;

    d. any other relief in favor of the Plaintiff that this Court deems just and appropriate.

Dated: September 5, 2019                          Respectfully submitted,
                                                               FUKSA KHORSHID, LLC

                                                               */s/ Lema A. Khorshid*

                                                               Lema A. Khorshid
                                                              Attorney for Plaintiff I.W.

FUKSA KHORSHID, LLC
Lema A. Khorshid (ARDC No. 6283237)
Vincent P. Formica (ARDC No. 6319168)
70 W. Erie, 2nd Floor
Chicago, IL 60654
T: 312.266.2221
F: 312.266.2224
lema@fklawfirm.com
vince@fklawfirm.com